**CLOSED**

# UNITED STATES DISTRICT COURT

WESTERN _____ District of _____ MISSOURI

UNITED STATES OF AMERICA
**V.**

VICTOR RAY JACKSON

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

ORIGINAL
RETURN TO
U.S. MARSHAL
K.C., MO    Case Number:        02-00002-01-CR-W-NKL

Laine T. Cardarella
Defendant's Attorney

**THE DEFENDANT:**

X    pleaded guilty to count(s)    one    4/25/02

☐    pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐    was found guilty on count(s) _____
after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 2251(a) | Sexual Exploitation of a Minor | 12/14/01 | One |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s) _____

X    Count(s)    2 and 3 _____    ☐ is    X are    dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of 12/25/53

Defendant's USM 14903-045

Defendant's Residence Address:

3213 Hopi Drive

Council Bluffs, IA 51501

Defendant's Mailing Address:

CCA - Leavenworth Detention Facility

100 Highway Terrace

Leavenworth, KS 66048

08/29/02
Date of Imposition of Judgment

_Nanette Laughrey_
Signature of Judicial Officer

NANETTE K. LAUGHREY, United States District Judge
Name and Title of Judicial Officer

8-29-02
Date

DOCUMENT # 26 33

DEFENDANT:        VICTOR RAY JACKSON
CASE NUMBER:      02-00002-01-CR-W-NKL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of      210 months on Ct. 1             .

The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____    ☐ a.m.    ☐ p.m.    on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on  October 21, 2002            to  FCI, Greenville

at  Greenville SC            , with a certified copy of this judgment.

Charles R. Gilkey, Warden
_____
UNITED STATES MARSHAL

By  Jodi L. Bothman
_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:    VICTOR RAY JACKSON
CASE NUMBER:    02-00002-01-CR-W-NKL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term    5 years on Ct. 1

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

future substance abuse.

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        VICTOR RAY JACKSON
CASE NUMBER:      02-00002-01-CR-W-NKL

## SPECIAL CONDITIONS OF SUPERVISION

Personally report to the Probation Office within 72 hours of release.

Successfully participate in any substance abuse counseling program, which may include chemical or Breathalyzer testing, as directed by the Probation Office, and pay any associated costs, as directed by the Probation Office.

The defendant shall submit his person, residence, office , or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time.

Successfully participate in any mental health counseling program with emphasis on sex ofender counseling, as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.

The defendant shall not have any unsupervised contact with a minor.

The defendant shall not possess or use any computer with access to any 'on-line computer service' at any location (including employment) without the prior approval of the United States Probation Officer.  This includes any Internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall consent to the United States Probation Office conducting periodic unannounced examinations of his computer(s) hardware and software, which may include retrieval and copying of all data from his computer(s).  This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection.

The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him.

The defendant shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student.

DEFENDANT:     VICTOR RAY JACKSON
CASE NUMBER:     02-00002-01-CR-W-NKL

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine and/or    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:        VICTOR RAY JACKSON
CASE NUMBER:      02-00002-01-CR-W-NKL

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   X   Lump sum payment of $   100.00   due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ E below); or

C   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# U.S. DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

## <u>IMPORTANT NOTICE CONCERNING THIS JUDGMENT</u>

At its March 2001 session, the Judicial Conference of the United States approved a policy change restricting the routine public disclosure of the statement of reasons which was an attachment to the judgment in a criminal case.

Effective immediately, unless otherwise ordered by the court, distribution of the judgment **with** the statement of reasons is **limited** to the defense counsel, government attorneys, financial litigation units of the United States attorneys' offices, probation and pretrial services offices, the United States Sentencing Commission and, if a term of imprisonment is imposed, the Federal Bureau of Prisons. Probation offices shall maintain the official version of the statement of reasons.